**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Desert Autosports LLC, et al,<br><br>Plaintiffs,<br><br>v.<br><br>Automotive Finance Corporation,<br><br>Defendant. | No. CV-13-01211-PHX-DGC<br><br>**ORDER** |

On June 18, 2013, Defendant Automotive Finance Corporation ("AFC") filed a motion to dismiss pursuant to 28 U.S.C. § 1406(1) and Rule 12(b)(3). Doc. 6. AFC argues that venue is improper because the complaint is based on a contract that includes a forum selection clause that names Marion County, Indiana as the exclusive forum for dealer-initiated disputes. AFC has also made a claim for attorneys' fees pursuant to a clause in the Note which it seeks to enforce. Desert Autosports, LLC, Desert Auto Property, LLC, Daniel M. Koeppel and Randy M. Koeppel, (collectively "Plaintiffs") filed a joint response on July 3, 2013 (Doc. 9), and AFC filed a reply on July 15, 2013 (Doc. 13). For the reasons that follow, the Court will grant the motion to dismiss.

**I.   Background.**

Plaintiffs own and operate an automotive dealership in Arizona. AFC provided financing for the dealership to purchase vehicles for its inventory. AFC's financing was secured in part by the dealership's inventory. A Note was executed on July 27, 2011, that governed the financing arrangement. The Note contained a clause that limited venue on all suits initiated by the dealer against the lender to the Circuit and Superior Courts of

Marion County, Indiana. Plaintiffs dispute the enforceability of the choice of forum clause.

## II.     Legal Standard.

Federal law governs the enforceability of the forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). "[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' 'under the circumstances.'" *Id*. There are three circumstances where enforcement may be unreasonable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15, 18 (1972)). The party challenging the clause has a heavy burden of proof and must clearly show that enforcing the clause is unreasonable. *Id*.

## III.    Analysis.

Plaintiffs make three arguments. First, they contend that the forum selection clause is the product of overreaching because it is one-sided and was not freely negotiated. Second, they argue that the clause is unfair because the laws of Indiana are less favorable to their claims. Third, they argue that because the Deed of Trust was entered into in Arizona and is governed by Arizona law, it contravenes Arizona public policy to enforce the forum selection clause.

Plaintiffs argue that the clause is one-sided because actions initiated by the dealer must be brought in Indiana while the clause does not similarly limit actions initiated by the lender. In the Ninth Circuit, choice-of-forum clauses are prima facie valid, *Argueta*, 87 F.3d at 325, and Plaintiffs provide no authority indicating that the one-sided nature of this clause clearly constitutes fraud or overreaching. Plaintiffs signed the agreement containing the clause, and do not contend that they were denied an opportunity to read it

before signing or that the clause is difficult to understand. In addition, the fact that the clause is contained in a form contract offered by a larger entity does not show that the clause is unenforceable. *Murphy*, 362 F.3d at 1140-41; *see also E.J. Gallo Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006) ("it does not make a difference that Gallo is [a] large corporation, and Andina is relatively smaller"). Additionally, the fact that AFC's headquarters are in Marion County, Indiana belies any argument that the forum was chosen in bad faith or in an effort to discourage legitimate claims. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) ("there is no indication that petitioner set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims . . . petitioner has its principal place of business in Florida"). Because Plaintiffs have provided no evidence that the clause was the result of fraud or overreaching, the Court rejects this argument.

Plaintiffs' second argument is flawed primarily because it relates to choice-of-law clauses rather than choice-of-forum clauses. The fact that this case is litigated in Indiana does not necessarily mean the Indiana law will apply. The court presiding over the case will be required to determine what law governs the contractual dispute. If an Indiana court accepts Plaintiffs' argument that Arizona's more expansive application of the covenant of good faith and fair dealing governs the dispute, then the Indiana court will apply Arizona law. Furthermore, even if Plaintiffs could make a showing that they are disadvantaged by the chosen forum, it does not rise to the required level of demonstrating that they would "effectively be deprived of [their] day in court." *Murphy*, 362 F.3d at 1140; *E. & J. Gallo Winery*, 440 F. Supp. 2d at 1127 ("[t]he fact that the forum or choice of law specified by a contract affords remedies that are different or less favorable to the laws of the forum preferred by a plaintiff is not alone a valid basis to deny enforcement of the forum selection and choice of law provisions."). Plaintiffs have not shown that the "contractual forum will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *Bremen*, 407 U.S. at 18.

1          Finally, Plaintiffs contend that the Deed of Trust is governed by Arizona law and
2   Arizona public policy prevents a challenge to the Deed in another forum.  This argument
3   similarly confuses choice-of-law with choice-of-forum.  If the Indiana court determines
4   that Arizona law governs the Deed of Trust, Arizona law – and its related public policies
5   – will be applied in resolving questions related to the Deed.  Arizona public policy favors
6   enforcing forum selection clauses, and Plaintiffs have not provided evidence of strong
7   public policy that would defeat the clause's enforceability. *See Societe Jean Nicolas Et*
8   *Fils v. Mousseux*, 597 P.2d 541, 543 (Ariz. 1979) ("a forum selection clause that is fairly
9   bargained for and not the result of fraud will be enforced so long as to do so is reasonable
10  at the time of litigation and does not deprive a litigant of his day in court.")

**IV.   Conclusion.**

        The Court finds that the forum selection clause is enforceable and accordingly grants the motion to dismiss.  The Court denies AFC's request for attorneys' fees.

        **IT IS ORDERED** that Defendant's motion to dismiss the complaint (Doc. 6) is **granted.**  The Clerk shall terminate this action.

        Dated this 13th day of August, 2013.

_____
David G. Campbell
United States District Judge